## Baltimore & Ohio Southwestern Railroad Company v. John Mullen.

1. CARRIER—*when guilty of negligence in permitting passenger to alight.* Where the carrier through its servants and agents so acts as to mislead a passenger with reference to the time, the place and the safety of alighting, it is guilty of negligence for which a recovery will be sustained.

Action on the case for personal injuries. Appeal from the Circuit Court of Cass County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed April 20, 1905.

HENRY PHILLIPS and SHUTT & GRAHAM, for appellant; EDWARD BARTON, of counsel.

MILLS & McCLURE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This suit was before this court at a former term and the judgment then appealed from was reversed because of errors in the instructions. (108 App. 637.) Upon remandment the cause was again tried, resulting in a judgment for the plaintiff for $1,730. The second trial was had upon the second and third counts of the declaration only, which charge, in substance, that the defendant had negligent and incompetent servants in charge of its train from St. Louis to Flora, Illinois; that said servants opened the vestibule doors of the coach in which plaintiff was riding and called the station of Flora; that plaintiff then went out on the vestibule platform; that the conductor and brakeman were there and one of them informed him the depot was "right

there," indicating a point directly opposite where the train then was, and thus induced in his mind the belief that the train had stopped at the station; that it was in the night time and so dark plaintiff could not distinguish any object, and by means of the false information thus given him by the conductor or brakeman, he was induced to believe, and did believe, that the train had stopped; that he attempted to alight from said train, but that it was not at the place indicated, and had not stopped as plaintiff had been erroneously led to believe, and in attempting to alight he was drawn under the wheels and injured.

On the morning of the accident, which occurred at about 4:35 o'clock, appellee, a farmer, about 68 years of age, was a passenger upon one of appellant's trains for the purpose of being carried from East St. Louis to Flora, Illinois, where he intended changing cars to another branch of appellant's road. He testifies that when the conductor took up his ticket he informed the conductor that he had had but little sleep for two nights, and asked to be waked at Flora; that as the train neared Flora, the brakeman came into the car and called the name of the station, whereupon appellee awoke, arose, put on his overcoat, took his lunch basket on his arm, and went to the rear platform of the coach; that the conductor and brakeman were standing on the platform of the adjoining coach; that the vestibule doors were open; that he asked them where the depot was, and that one of them replied, " Right there," and pointed to the place where he afterwards got off; that said answer, and the fact that he did not feel the motion of the train, led him to believe that the train had stopped; that it was so dark he was unable to see whether or not it had; that he then stepped off, holding on to the railing as he did so, and was thrown under the wheels of the car. After appellee's wounds were dressed, the agent of appellant procured from him a written statement as to how the accident occurred, which was introduced in evidence by appellant, and tends to corroborate appellee's testimony.

The evidence also shows that when the train approached

Flora from the west, it first stopped at a point about 200 feet west of the crossing of the track of the main line of the road with that of what was called the Springfield division running north and south, and then proceeded to the depot, which was located east of the crossing, in the angle formed by the main and Springfield tracks, at the rate of not to exceed five miles an hour. After the accident appellee was found lying near the main track about forty feet west of the crossing. His hand was injured to such an extent that amputation was necessary. The conductor and brakeman both deny that they were at the place where appellee testifies they were when the accident occurred, or that either of them made any statement to him as to the location of the depot, or that they saw him get off. The brakeman admits that he awoke appellee before the train stopped for the crossing, and told him that the train was approaching Flora, and that appellee then got up, stepped into the aisle and put on his overcoat, but denies that he saw him on the train thereafter, or that he called the station until after making the stop at the crossing. The evidence tends to show that there were a number of electric and other lights burning at and within the depot and other buildings in the vicinity of where the accident occurred, and that there were gas lights burning in the vestibule through which appellee left the car.

It is contended that appellee was guilty of contributory negligence, as a matter of law, in getting off the moving train, under the circumstances, and that the verdict rendered is contrary to and not justified by the evidence.

Although appellee's version of what was said and done by either the conductor or brakeman immediately prior to the accident, is flatly contradicted by them both, the jury, who were the sole judges of the credibility of the witnesses, and the credit to be given to their testimony, evidently believed the testimony of appellee and disbelieved that of the conductor and brakeman. Assuming appellee's testimony to be true, we are of opinion that the conductor or the brakeman in calling the station before the stop was

made for the crossing, and the opening of the vestibule, followed by the misleading statement and direction by one of the trainmen, whose duty it was to advise and direct passengers as to the safe and proper place, time and manner of alighting, as the occasion may require, together with the fact that the train was moving so slowly as to create no perceptible jar, were sufficient to induce an ordinarily prudent and careful person to believe that the train had stopped and that he might alight therefrom with safety. Furthermore, appellee was of advanced years and weary from continuous travel and loss of sleep. He was totally unfamiliar with the surroundings, and had necessarily to rely largely upon the information, suggestions or directions of those in charge of the train. The question of contributory negligence was properly submitted to the jury as one of fact for their determination, and we are unable to say that their finding thereon was not warranted by the evidence.

Counsel for appellant have cited in their brief a number of cases in which it is held that where a person attempts to alight from a train, knowing the same to be in motion, he is guilty of contributory negligence, as a matter of law. In the case at bar appellee testified that he supposed the train had stopped at the time he got off, and we think that such belief was reasonable under the circumstances. The cases cited have, therefore, no application.

We are further of opinion that the evidence justified the jury in finding that appellant was guilty of the negligence charged in the second and third counts of the declaration. It was the duty of the conductor and brakeman to look after the safety, welfare and comfort of all passengers within their care and charge. Their acts and conduct above detailed, fell far short of that high degree of care which was due to appellee as a passenger. In the exercise of due care they should have surmised from the conduct and inquiry of appellee, that he was under the impression that the train had stopped at the depot, and that he might then safely alight. Instead of advising him to the contrary

they permitted him, without warning or hindrance, to act upon such erroneous belief.

It is urged that the judgment should be reversed because of improper remarks of counsel for appellee in their opening statement and closing argument. While a number of the remarks referred to were more or less objectionable and improper, we do not think they were so serious as to have affected the verdict. Objections to most of them were sustained by the trial judge, who afterward approved the verdict.

It is complained that the court erred in giving certain instructions offered by appellee, and in modifying one offered by appellant. We have examined the instructions referred to, and are of opinion that there is no serious error in the rulings of the court thereon.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*